UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NYDIA REYES COLLAZO,**

  **Plaintiff,**          **CASE NO.:**

v.

**NPAS, INC., a Tennessee corporation,**

  **Defendant.**
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Nydia Reyes Colazzo, by and through undersigned counsel, hereby files this Class Action Complaint against Defendant NPAS, Inc., and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

2. As detailed below, Defendant has failed to provide debtors with certain information required by law and failed to disclose that it is a debt collector. In so failing, Defendant has violated federal and Florida law designed to protect consumers.

3. Plaintiff seeks damages, injunctive relief, and costs and attorney's fees from NPAS, Inc., for these violations.

### JURISDICTION AND VENUE

4. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

5. Federal subject matter exists under 28 U.S.C. § 1332(a), as this matter involves citizens of different states and the amount in controversy exceeds $75,000.00. Further, federal subject matter exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

7. Plaintiff, Nydia Reyes Collazo, ("Plaintiff" or "Ms. Collazo"), is a natural person who resides in Pinellas County, Florida. Ms. Collazo is a "consumer," as that term is defined by Fla. Stat. § 559.55(8) and 15 U.S.C. § 1692a(3).

8. Defendant, NPAS, Inc., a Tennessee corporation ("NPAS" or "Defendant"), is headquartered in Tennessee, does business in the State of Florida, is a "person" under Fla. Stat. § 559.72 and a "debt collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(6).

9. The Defendant's communications set forth below are wholly without excuse.

10. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Fed. R. Civ. P. 23, on her own behalf and on behalf of all other similarly-situated consumers:

    a. In the United States who received letters from NPAS attempting to collect a debt within one year from the filing of this action (the "FDCPA Class"); and

    b. In the State of Florida who received letters from NPAS attempting to collect a debt within two years from the filing of this action (the "FCCPA Class") (together with the FDCPA Class, "the Class").

### *Numerosity*

12. The Class is so numerous that joinder of all members is impracticable. While the number of consumers affected by Defendant's illegal conduct is unknown, Plaintiff estimates the Class has approximately 10,000 members.

### *Commonality*

13. There are questions of law and fact that are common to the Class, which predominate over questions affecting any individual class member. Specifically, these common questions of law and fact include, without limitation, whether Defendant violated the FCCPA, Fla. Stat. §§ 559.72(7) and (9); and whether Defendant violated the FDCPA, 15 U.S.C. §§ 1692e(11) and 1692g. Also, all of the Class members received the same or substantially similar communications from Defendants as described below.

### *Typicality*

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class.

### *Adequacy of Class Representation*

15. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

### *Predominance of Common Questions*

16. The common questions set forth in Paragraph 13 predominate over any individual issues.

### *Superiority of Class Resolution*

17. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

18. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

19. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendants' conduct.

20. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

21. Defendants' actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

# FACTUAL ALLEGATIONS

**Ms. Collazo**

22. On or about April 28, 2018, NPAS sent Ms. Collazo a dunning letter by mail. A copy of that April 28, 2018 letter is attached as **Exhibit A**. That letter purports to relate to medical treatment obtained by Ms. Collazo at Largo Medical Center in Pinellas County, Florida on or about February 17, 2018, in the amount of $254.96. The collection letter states that it was placed with NPAS for collection on April 28, 2018.

23. The debt allegedly owed to Largo Medical Center was for personal, household, or family purposes and was therefore a "debt" pursuant to 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

24. The debt owed to Largo Medical Center was in default at the time it was placed for collection with NPAS. On information and belief, Largo Medical Center requires payment promptly after services are rendered and no later than on receipt of its invoice. Ms. Collazo had not paid the debt before April 28, 2018.

25. On information, the April 28, 2018 collection letter was NPAS's initial communication with Ms. Collazo regarding the debt.

26. In the April 28, 2018 collection letter, NPAS did not identify itself as a debt collector or state that any information obtained would be used for the purpose of collecting the debt.

27. In connection with its efforts to collect the amounts due to Largo Medical Center, NPAS failed to send Ms. Collazo written notice of the debt as required by the FDCPA, specifically 15 U.S.C. § 1692g(a).

**NPAS**

28. NPAS is a "debt collector" pursuant to the FDCPA, 15 U.S.C. § 1692a(6), and Section 559.55(7).

29. NPAS holds itself out as "A leading provider of patient **collection services** for the health care industry since 1980." *See* http://npasweb.com (emphasis added).

30. NPAS uses any instrumentality of commerce or mails, including inside and outside of Florida, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Further, the definition of debt collector includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts.

31. As detailed below, that conduct constitutes violations of the FCCPA and FDCPA. Plaintiff seeks statutory damages, actual damages punitive damages, injunctive relief, and attorneys' fees and costs.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT NPAS

32. This is an action against NPAS for violation of 15 U.S.C. § 1692 *et seq*.

33. Plaintiff re-alleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

34. NPAS communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

35. Through the conduct described above, NPAS violated the following provisions of the FDCPA:

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

36. NPAS's representations to Plaintiff in the correspondence described above and attached as Exhibit A were materially false, deceptive, and/or misleading.

37. Specifically, in those letters, NPAS failed to identify itself as a debt collector or that any information obtained would be used for a debt collection purpose, in violation of 15 U.S.C. § 1692e(11).

38. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant's conduct constituted the making of false, deceptive, or misleading representations in connection with collecting the debt, in violation of 15 U.S.C. § 1692e.

39. Further, NPAS's conduct, as alleged herein, constitute violations of the FDCPA, 15 U.S.C. § 1692g(a).

**15 U.S.C. § 1692g**

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

. . .

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. NPAS's correspondence to Plaintiff described above and attached as Exhibit A do not include the statements described above and required by 15 U.S.C. § 1692g(a)(3) – (5).

41. As a result of NPAS's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

42. In addition, in the case of a class action, Defendant is also liable for "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

43. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor, on behalf of herself and all other similarly situated, finding that NPAS has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, injunctive relief, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

# COUNT II

## VIOLATION OF THE FCCPA BY DEFENDANT NPAS

44. This is an action against NPAS for violation of Fla. Stat. § 559.55 *et seq*.

45. Plaintiff re-alleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

46. NPAS communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

47. Fla. Stat. § 559.72 provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7) . . . willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) . . . assert the existence of some other legal right when such person knows that the right does not exist.

48. Through its conduct, described above, NPAS directly and through its agents violated the above sections of the FCCPA. Specifically, NPAS engaged in conduct that could reasonably be expected to abuse or harass Plaintiff by failing to provide the required FDCPA notices described above. The FCCPA requires at least the same protections required under the FDPCA. See Fla. Stat. § 559.552 ("Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act."); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("The FCCPA unequivocally states its goal—to provide the consumer with the most protection possible under either the state or federal statute.").

49. Further, by failing to provide the notices required by the FDCPA, NPAS asserted the right to collect a debt in violation of the FDCPA.

50. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

51. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, NPAS is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

52. In addition, in the case of a class action, Defendant is also liable for "an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members." Further, "[t]he court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." Fla. Stat. § 559.77(2).

53. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of NPAS as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff, on behalf of all others similarly-situated, respectfully requests this Court enter a judgment against NPAS, finding that it violated the FCCPA, awarding Plaintiff actual damages, statutory damages, injunctive relief, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

| | |
|---|---|
| Dated: October 11, 2018 | Respectfully Submitted, |
| **KYNES, MARKMAN & FELMAN, P.A.** | **DUNLAP, BENNETT & LUDWIG, PLLC** |
| P.O. Box 3396 | 612 W. Bay Street |
| Tampa, Florida 33601 | Tampa, Florida 33606 |
| Phone: (813) 229-1118 | Phone: (813) 360-1529 |
| Fax: (813) 221-6750 | Fax: (813) 336-0832 |
| | |
| /s/ Katherine E. Yanes | /s/ Gus M. Centrone |
| **KATHERINE EARLE YANES, ESQ.** | **BRIAN L. SHRADER, ESQ.** |
| Florida Bar. No. 658464 | Florida Bar No. 57251 |
| e-mail: kyanes@kmf-law.com | e-mail: bshrader@dbllawyers.com |
| **Attorney for Plaintiff** | **GUS M. CENTRONE, ESQ.** |
| | Florida Bar No. 30151 |
| | e-mail: gcentrone@dbllawyers.com |
| | **Attorneys for Plaintiff** |