UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NYDIA REYES COLLAZO,**

    Plaintiff,                                        CASE NO.:  8:18-cv-02508-JSM-AEP

v.

**NPAS, INC., a Tennessee corporation,**

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT NPAS, INC.'S PROPOSED BILL OF COSTS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Nydia Reyes Collazo ("Plaintiff" or "Ms. Collazo"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 54 and Local Rule 4.18, hereby files this Motion to Strike Defendant NPAS, Inc.'s ("Defendant" or "NPAS") Proposed Bill of Costs (Doc. 61) and in support states as follows:

**BACKGROUND**

1. The Court entered summary judgment in favor of Defendant NPAS on June 14, 2019.  Doc. 60.

2. On July 1, 2019, seventeen days after entry of the judgment, NPAS submitted a proposed bill of costs requesting the Court order Plaintiff to pay the costs of two deposition transcripts, scanning of exhibits, shipping of the transcripts, and other costs associated with those depositions.  The total amount of costs sought by NPAS are $1,385.49.

3. As set forth below, Defendant's request is untimely and therefore Plaintiff respectfully requests that the Court strike the Proposed Bill of Costs.

**MEMORANDUM OF LAW**

A.  **Defendant's Proposed Bill of Costs is Untimely**

Under Local Rule 4.18, "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed **not later than 14 days** following the entry of judgment." (emphasis added).

"Courts in this district enforce Rule 4.18 and have denied bills of costs filed more than 14 days after the entry of judgment." *Anderson v. Techtronic Indus. N. Am., Inc.*, No. 6:13-CV-1571-ORL, 2015 WL 4459029, at *1 (M.D. Fla. July 20, 2015) (citing *Saadi v. Maroun,* No. 8:07–cv–1976–T–24MAP, 2009 WL 4730533, at *3 (M.D.Fla. Dec.7, 2009); *Giminez v. American Sec. Ins. Co.,* No. 8:08–cv–2495–T–24TGW, 2009 WL 3048563, at *2 (M.D. Fla. Sept. 21, 2009); *Sanders v. Drainfield Doctor, Inc.,* No. 6:06–cv–1216–Orl–28GJK, 2009 WL 667158, at *4 (M.D. Fla. Mar.13, 2009); *Blanton v. Univ. of Florida.* 2:05–cv–421–FtM–34SPC, 2008 WL 928114 at *3 (M.D. Fla. Apr. 4, 2008); *Porcelli v. Onebeacon Insurance Co.,* Case No. 2:02–cv–303–FtM–33DNF, 2006 WL 3333599, at *1 (M.D. Fla. Nov.16, 2006); *Estate of Miller ex rel. Miller v. Ford Motor Co.,* No. 2:01–cv–545–FtM–29, 2004 WL 6235323, at *4 (M.D. Fla. Dec. 17, 2004); *Evans v. City of Neptune Beach,* No. 97–483–CV–J–21A, 1999 WL 462984, at *1 (M.D. Fla. May 26, 1999)); *see also Abdullah v. Osceola County Sheriff*, No. 614CV629ORL40TBS, 2015 WL 12856107, at *1 (M.D. Fla. Dec. 21, 2015); *Meidling v. Walgreen Co.*, 2015 WL 12838340, at *12 (M.D. Fla. June 19, 2015). Moreover, the Eleventh Circuit Court of Appeals has affirmed the enforcement of Local Rule 4.18(a) "as long as it does not eviscerate a statutory right." *Sanders*, 2009 WL 667158, at *4 (citing *Grayden v. City of Orlando,* 171 Fed.Appx. 284, 285–86 (11th Cir. 2006) (affirming the District Court's application and enforcement of Local Rule 4.18(a)).

Here, the judgment was entered June 14, 2019.  Doc. 60.  Defendant waited seventeen (17) days after the entry of the judgment to file its Proposed Bill of Costs.  *See e.g. Saadi*, 2009 WL 4730533, at *3 (denying bill of costs filed 17 days after entry of judgment); Giminez, 2009 WL 3048563, at *2 (denying bill of costs filed 16 days after entry of judgment).  Therefore, Defendant's Proposed Bill of Costs is untimely and should be stricken.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests the Court strike the Proposed Bill of Costs, and grant such further relief as the Court deems necessary and proper.

Dated:  July 3, 2019                                       Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832


/s/ Gus M. Centrone

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**Attorneys for Plaintiff**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned hereby certifies that, pursuant to Middle District of Florida, Local Rule 3.01(g), counsel has conferred regarding the issues raised in this Motion.  Defendant opposes the relief requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 3, 2019, I presented a true and correct copy of the foregoing to the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, for filing and uploading to the CM/ECF system.

    /s/ Gus M. Centrone
    Attorney